# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DAVID VALENCIA, | No. CV 15-8966-SJO (PLA) |
| Petitioner, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION** |
| v. | |
| E. ARNOLD, Warden, | |
| Respondent. | |

David Valencia, a California state prisoner, apparently wishes to challenge a state court conviction. Rather than filing a petition for writ of habeas corpus, however, on November 18, 2015, Valencia filed a "Motion for Appointment of Coun[s]el and Declaration of Indigency" ("Motion"). By the Motion, he asks that counsel be appointed "because [he] is not skilled in the practice of law and require[s] the legal assistance of a qualified attorney through these habeas proceedings to protect [his] constitutional rights." As set forth below, the Court has determined that the relief requested cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. See Princeton Univ. v. Schmid, 455 U.S. 100, 102, 102 S. Ct. 867, 869, 70 L. Ed. 2d 855 (1982). As Valencia has not actually filed a federal habeas petition challenging any conviction or sentence, there is no case or controversy before

the Court, and the Motion asks the Court to decide prospectively whether it is appropriate to appoint counsel for him with respect to a habeas petition to be filed at some unspecified future date, without any adverse parties before it and without sufficient information on which to base any conclusion that appointment of counsel is appropriate. The Court cannot grant Valencia the prospective relief he seeks without offending the case or controversy requirement of the Constitution. See Calderon v. Ashmus, 523 U.S. 740, 746, 118 S. Ct. 1694, 1698, 140 L. Ed. 2d 970 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside).

The Court notes further that, even if it could consider the relief requested, Valencia has not shown entitlement to such relief. Unless an evidentiary hearing is required, in order to be entitled to appointed counsel a petitioner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); see 18 U.S.C. § 3006A(a)(2) (providing that a district court has discretion to appoint counsel for state habeas corpus petitioners when it determines "that the interests of justice so require"); see also Anderson v. Heinze, 258 F.2d 479, 484 (9th Cir. 1958) ("Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction."). As no habeas petition has been filed, the Court has no way of determining whether the appointment of counsel is necessary to prevent a due process violation. If a petition is later filed and the Court determines that an evidentiary hearing will be held, the Court may appoint counsel to represent petitioner at that time.

Based upon the foregoing, **IT IS ORDERED** that the Motion is **denied** and that this action is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order on David Valencia.

DATED: November 23, 2015.

_S. James Otero_
_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE